UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CANDACE EARL-BUCK,

                                        Plaintiff,

                                                                DECISION AND ORDER

                                                                03-CV-6370L

                        v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

                                        Defendant.
_____

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination

of the Commissioner of Social Security ("the Commissioner") that Candace Earl-Buck ("plaintiff")

is not disabled under the Social Security Act, and therefore, is not entitled to Title II Social Security

Disability Insurance benefits.

Both the Commissioner and plaintiff have moved for judgment on the pleadings pursuant to

FED. R. CIV. P. 12(c).  For the reasons discussed below, the Commissioner's motion (Dkt. #8) is

granted, plaintiff's motion (Dkt. #11) is denied, and this action is dismissed.

**PROCEDURAL BACKGROUND**

Plaintiff filed an application for Title II benefits on April 7, 2000, alleging that she was disabled since June 15, 1999 due to, *inter alia*, carpal tunnel syndrome, diabetes, pancreatitis, neuropathy, and arthritis. (T. 143-45).   After the claim was denied at the initial and reconsideration levels (T. 99, 100, 101-03, 104, 107-09), plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (T. 113-14).  On December 14, 2001, and January 28, 2002, plaintiff and her representative attended two hearings held before ALJ Nancy Lee Gregg. (T. 31-70, 71-98).   On January 24, 2003, the ALJ found that plaintiff was not under a disability through the date of her decision. (T. 11-28).  The ALJ's decision became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review on June 4, 2003. (T. 6-8).   This action followed.

**DISCUSSION**

**I.      Definition of Disability**

Under the Social Security Act ("the Act"), a person is considered disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).   A physical or mental impairment (or combination of impairments) is disabling if it is of such severity that a person "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." *Id.* at §§ 423(d)(2)(A).   To determine whether a person is disabled within

the meaning of the Act, the ALJ proceeds through a five-step sequential evaluation. *Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir.1999).

The Second Circuit has described the five-step process as follows:

First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. Where the claimant is not, the Commissioner next considers whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant has a listed impairment, the Commissioner will consider the claimant disabled without considering vocational factors such as age, education, and work experience; the Commissioner presumes that a claimant who is afflicted with a listed impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the burden then shifts to the Commissioner to determine whether there is other work which the claimant could perform.

*Tejada*, 167 F.3d at 774.

## II.   The ALJ's Decision

In a thorough and well-reasoned decision, the ALJ applied the five-step disability evaluation. First, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date, June 15, 1999. At step two, the ALJ found that plaintiff had a number of impairments that were severe within the meaning of the regulations, including non-insulin dependent diabetes mellitus, pancreatitis, status post right and left carpal tunnel surgery, and recurrent mild right carpal tunnel syndrome. At step three, the ALJ concluded that none of plaintiff's impairments, either alone or in combination, met or equaled any of the listed impairments set forth at 20 C.F.R. Part 404,

Subpart P, Appendix 1.[1]   At step four, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform less than the full range of light work and certain sedentary work that did not involve repetitive fingering.   Given her RFC, the ALJ concluded that plaintiff could not engage in her past relevant work as it was performed generally in the national economy and as described in the Dictionary of Occupational Titles ("DOT").   The ALJ found, nevertheless, that plaintiff could do her past relevant work as a mobile home sales agent in the manner that she previously performed that job.   Based on her testimony, the ALJ concluded that plaintiff's former mobile home sales agent job required less strenuous exertional demands that those listed in the DOT for that category of jobs nationally. (T. 14-28).   Plaintiff, therefore, was not disabled.

Although the ALJ acknowledged that she was not required to do so, she evaluated whether a finding of "not disabled" was also warranted at the fifth step of the sequential disability evaluation. Based on the testimony of a vocational expert and using the Medical-Vocational Guidelines as a framework for decision-making, the ALJ concluded that plaintiff was also not disabled because she retained the residual functional capacity to perform a significant number of other jobs that exist in the national economy, including customer service clerk and registration/intake clerk. (T. 24-26).[2]

## III.   Standard of Review

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence.   42 U.S.C. § 405(g); *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002);

---

[1]   The ALJ made this finding in the alternative because plaintiff had conceded that her impairments were not of listing-level severity. (T. 17; 205).

[2]   "T. __" refers to the page of the administrative transcript filed by the Commissioner with her answer.

*Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir.1991).  Substantial evidence is defined as "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  Thus, "[i]t is not the function of a reviewing court to decide *de novo* whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999).  "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force[,]" this Court cannot substitute its own judgment for that of the Commissioner.  *Veino*, 312 F.3d at 586.

Such a deferential standard, however, is not applied to the Commissioner's conclusions of law.  *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984); *accord Tejada*, 167 F.3d at 773.  This Court must independently determine if the Commissioner's decision applied the correct legal standards in determining that the plaintiff was not disabled.  "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112.  Therefore, this Court is to first review the legal standards applied, and then, if the standards were correctly applied, consider the substantiality of the evidence.  *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987); *see also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir.1998)("'Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles.'")(quoting *Johnson*, 817 F.2d at 986).

Plaintiff contends that the ALJ's decision is based on legal error and is not supported by substantial evidence.  Plaintiff claims that the ALJ did not give sufficient weight to the opinions of her treating physicians and inadequately assessed her credibility.  The Commissioner argues that the ALJ did not commit legal error and that substantial evidence in the record exists to support her determination that plaintiff is not disabled.  I agree with the Commissioner.

IV.     **Opinions of Treating and Examining Physicians**

Plaintiff argues that the ALJ failed to accord controlling weight to the opinions of Dr. Matthew J. Landfried, plaintiff's treating orthopedic surgeon, and Dr. James J. Kelly, an examining orthopedic surgeon, regarding plaintiff's work-related bilateral carpal tunnel syndrome. She also contends that the ALJ compounded the error when she did not adequately explain her reasons for rejecting those opinions.  I disagree.

After Dr. Landfried performed bilateral carpal tunnel release on plaintiff in 1999, she continued to experience pain and inflammation in her right hand.  In February 2000, Dr. Landfried referred plaintiff to Dr. Kelly for a second opinion regarding the cause of the unresolved pain and swelling. On April 5, 2000, Dr. Kelly wrote to Dr. Landfried that he concurred with him regarding plaintiff's "total disability status," and Dr. Kelly requested approval from the Workers' Compensation Board for follow-up electrodiagnostic testing on plaintiff's hands. (T.291).  On August 18, 2000, after that testing was completed, Dr. Kelly stated, "I understand that [plaintiff] remains totally disabled and I would concur with this, at the ongoing discretion of her primary treating orthopaedic physician." (T. 287).  In a November 12, 2001 statement to the Workers'

Compensation Board, Dr. Landfried checked a box connoting that plaintiff had a "total" disability (as opposed to a "partial" disability). (T. 374).

Plaintiff argues that the ALJ erred by disregarding the opinions of Drs. Landfried and Kelly regarding her disability status. Plaintiff misinterprets the so-called "treating physician's rule." That rule requires that the "medical opinion" of a treating physician be given controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir.2003); *Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir.1999); *see also* 20 C.F.R. § 404.1527(d)(2).

A treating source's statement that plaintiff "is totally disabled," however, is not considered a "medical opinion" under the treating physician's rule to which controlling weight should be assigned because it represents an opinion on an issue reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(e)("Opinions on some issues, . . . are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; . . . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled. . . . We will not give any special significance to the source of an opinion on issues reserved to the Commissioner . . . .").

Because the opinions of Drs. Landfried and Kelly that plaintiff was "totally disabled" are not "medical opinions" under 20 C.F.R. § 404.1527(a)(2), the ALJ was not required to accord them any significant weight under the treating physician's rule. Nor was the ALJ required to state reasons on the record for not doing so. Despite plaintiff's contention, then, the ALJ's decision is not contrary

to *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir.1998), Social Security Ruling 96-2, or 20 C.F.R.

§ 404.1527(d)(2), and there was no legal error.

Moreover, the opinions of Drs. Landfried and Kelly that plaintiff was "totally disabled" are not at odds with the ALJ's determination at steps four and five that plaintiff could work. Drs. Landfried and Kelly gave those opinions in connection with plaintiff's workers' compensation case and they refer to plaintiff's inability to return to *her past relevant work at a shoe factory* where she cleaned shoes. It was while plaintiff worked in that job that she developed bilateral work-related carpal tunnel syndrome and was afforded workers' compensation coverage and benefits. That plaintiff may have remained totally disabled from the shoe factory job for purposes of workers' compensation is not dispositive of whether she meets the definition of "disabled" within the meaning of the Act. Furthermore, the opinions of Drs. Landfried and Kelly to the Workers' Compensation Board say nothing of plaintiff's ability to perform her past relevant work as a mobile home sales agent or any other work in the national economy. *See O'Dell v. Barnhart*, 332 F.Supp.2d 560, 563 (W.D.N.Y.2004) (treating physician's opinion that plaintiff was "non-employable and totally disabled" given as part of a workers' compensation case referred only to plaintiff's past relevant work, not his ability to do other work).

## V.    Credibility

Moreover, I disagree with plaintiff that the ALJ erred in analyzing her credibility. The ALJ found that plaintiff's testimony of pain and limitation of function to the extent alleged were partially, but not fully, credible. (T. 22). In so concluding, the ALJ properly considered plaintiff's testimony and weighed it in accordance with various factors, including plaintiff's daily activities, the frequency

of pain, the type, dosage, and side effects of medication, and other treatment that relieves pain. (T. 21). *See* 20 C.F.R. §§ 404.1529(c); 416.929(c). Despite plaintiff's contention to the contrary, the ALJ set forth her reasons for discounting certain symptoms alleged by plaintiff, and she relied on medical evidence and statements from plaintiff's physicians to support her conclusion. *See* 20 C.F.R.§ 404.1529(c)(4) ("We will consider . . . statements by physicians about how your symptoms affect you.").

It was reasonable for the ALJ to find that plaintiff's subjective complaints regarding the pain and limitations of use in her hands, alleged symptoms of arthritis, and her diabetes were not entirely credible to the incapacitating extent alleged. (T. 22). It is well within the discretion of the Commissioner to evaluate the credibility of plaintiff's complaints and render an independent judgment in light of the medical findings and other evidence. *See Mimms v. Heckler*, 750 F.2d 180, 185-86 (2d Cir.1984); Social Security Ruling 96-7p, 1996 WL 374186 (S.S.A.). Because the ALJ's credibility analysis and factual findings are based on application of the proper legal principles, the Court may not examine the evidence and substitute its own judgment for that of the Commissioner. 42 U.S.C. § 405(g); *Parker v. Harris*, 626 F.2d 225 (1980); *see also Glaze v. Barnhart*, 242 F.Supp.2d 233, 236 (W.D.N.Y.2003); *Crowley v. Barnhart*, 220 F.Supp.2d 176, 181 (W.D.N.Y. 2002).

## VI.     Substantial Evidence Exists That Plaintiff is Not Disabled

Finally, I agree with the Commissioner that substantial evidence exists that plaintiff could perform a limited range of light and sedentary work. I do not believe the record supports plaintiff's argument that she is totally disabled and unable to perform *any* work.

At step four, the ALJ concluded that plaintiff could perform her past relevant work as a mobile home sales agent in the manner that she previously performed it.[3]  That conclusion is supported by the testimony plaintiff gave regarding the physical demands of her mobile home sales job and her residual functional capacity.  The ALJ's assessment of plaintiff's residual functional capacity likewise is supported by substantial evidence, including the medical records of Dr. Landfried, as well as those of Dr. David Bagnall, Dr. Timothy P. O'Connor, and Dr. Josepha Paragas-Santiago.  The ALJ also relied on the functional capacity assessments of the state agency review physicians, the only ones that appeared in the record.[4]  (T. 23).

The ALJ's alternate conclusion at step five that plaintiff could perform other work in the national economy is also supported by substantial evidence.  Given the fact that plaintiff had certain nonexertional limitations that eroded the occupational base, the ALJ employed a vocational expert to testify and to give an opinion about plaintiff's ability to perform her past relevant work and other work in the national economy.  *See* Social Security Ruling 83-12, 1983 WL 31253 (S.S.A.). At a supplemental hearing, the ALJ asked the vocational expert hypothetical questions based on certain levels of limitation of function.  In response to these questions, the expert identified several jobs that plaintiff could do, including work as a customer service clerk, which is semi-skilled sedentary work (with 500,000 jobs nationally and 1,874 jobs regionally), and as a registration/intake clerk (which

---

[3]  *See* Social Security Ruling 82-61 (S.S.A.)("where the evidence shows that a claimant retains the RFC to perform the functional demands and job duties of a particular past relevant job as he or she actually performed it, the claimant should be found to be 'not disabled.'").

[4]  The ALJ noted that, although requests were made of several of plaintiff's treating physicians, none of those physicians returned a completed assessment regarding plaintiff's ability to perform work-related activities. (T.23; 306-56).

is semi-skilled sedentary work with 208,000 jobs nationally and 460 jobs regionally). (T. 90-92).

Based upon this testimony, the ALJ properly concluded that a significant number of jobs existed in

the national and regional economy that plaintiff could perform and, therefore, that she was not

disabled.

## CONCLUSION

The Commissioner's motion for judgment on the pleadings (Dkt. #8) is granted.  Plaintiff's

motion for judgment on the pleadings (Dkt. #11) is denied.  This action is dismissed with prejudice.

IT IS SO ORDERED.

_____

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 13, 2006.